**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Lequan Wakeen Jackson,  )<br>  )<br>                Petitioner,  )<br>  )<br>vs.  )<br>  )<br>United States of America,  )<br>  )<br>                Respondent.  )<br>_____  ) | Civil Action No.: 4:06-271-CWH<br><br><br><br>**ORDER** |

On January 24, 2006, the petitioner commenced this *pro se* action attacking his guilty plea and sentence, pursuant to 28 U.S.C. § 2255. On February 2, 2006, the government moved for summary judgment. On February 8, 2006, the Court issued a Roseboro order, advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must respond within 34 days of the date of the order. On March 7, 2006, the petitioner timely responded to the government's motion for summary judgment.

**I. Petitioner's Allegations and Procedural History**

On November 14, 2000, the petitioner was indicted for conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On May 3, 2004, the petitioner pled guilty. The petitioner's base offense level was 38, and two levels were added to the base offense level because the petitioner was in possession of a firearm. Therefore, his adjusted base offense level was 40. He received a three point reduction for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 37. He received 3 criminal history points resulting in a criminal history category

of II, which resulted in a guideline range of imprisonment of 235 - 293 months.

At sentencing on January 31, 2005, the government made a motion for downward departure because of the petitioner's substantial assistance. The Court granted the government's motion and sentenced the petitioner to 135 months imprisonment followed by 5 years of supervised release. The petitioner was ordered to pay a special assessment fee in the amount of $100.00. On February 2, 2005, judgment was entered. The petitioner did not appeal his sentence. On January 24, 2006, the petitioner timely filed this petition pursuant to Title 28, United States Code, Section 2255 and a memorandum in support of his petition.

The petitioner raises the following allegations in his memorandum in support of his motion to vacate the sentence, pursuant to 28 U.S.C. § 2255: (1) counsel was ineffective for failing to file a notice of appeal, (2) counsel was ineffective for failing to recommend a three level downward adjustment for acceptance of responsibility, and (3) the government violated the terms of petitioner's plea agreement by failing to honor the three level downward adjustment for acceptance of responsibility.

**A. Ineffective Assistance of Counsel**

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the

> defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from a breakdown in
> the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that her attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

### 1. Counsel Failed to File a Notice of Appeal

The petitioner claims that his counsel was ineffective because she failed to file a notice of appeal. The Supreme Court has directed courts to use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's

ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (*citing* Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *See* Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (*citing* Rodriquez v. United States, 395 U.S. 327 (1969)). Moreover, a petitioner who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit. Flores-Ortega, 528 U.S. at 485 (*citing* Rodriquez, 395 U.S. at 330).

In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal. Here, the petitioner cannot make this showing. Although the petitioner alleges that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner did not object at sentencing. This tends to show that his discontent with the legality of his sentence arose after the 10 day period to file a notice of appeal expired. Flores-Ortega, 528 U.S. at 485 (noting that "only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal").

Second, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal

(for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. As this order reveals, the petitioner raises no meritorious objections to his sentence, a fact cutting against the petitioner's assertion that he instructed counsel to file an appeal.[1]

Third, counsel disputes the petitioner's claim that he requested an appeal in her sworn affidavit. In the affidavit, counsel states that the petitioner inquired into whether he should appeal his sentence. Counsel advised the petitioner that there were no issues for him to appeal. Thereafter, the petitioner never stated that he wished counsel to appeal his sentence. The Court finds that counsel was successful in obtaining a favorable outcome for the petitioner, given the severity of the charges he faced. The petitioner cannot demonstrate that "but for counsel's deficient performance, he would have appealed." Id. at 484. Therefore, "counsel's deficient performance has not deprived him of anything and he is not entitled to relief." Id.

Fourth, the Supreme Court states that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks and end to judicial proceedings." Id. Considering the fact that the petitioner faced a sentence based on a minimum guideline range of 235 months, and that through the guidance of

---

[1] The implication of Flores-Ortega is that a petitioner who can show that counsel disregarded his instructions to file an appeal has, by this showing alone, made out a case for ineffective assistance, because he has shown deficiency and prejudice in this situation is presumed. 528 U.S. at 477. Despite the fact that this hypothetical petitioner need not show that his appeal would have had merit, id., the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place.

his attorney, he was able to receive a downward departure to 135 months in this case, it is not likely that the petitioner desired to appeal his case.

The petitioner has failed to establish that he received ineffective assistance of counsel based on his assertion that he told his attorney to appeal and that his attorney failed to do so. The government is therefore entitled to summary judgment on this issue.

### 2. Counsel Failed to Recommend a Three Level Downward Adjustment for Acceptance of Responsibility

The petitioner asserts that counsel was ineffective because she failed to recommend a three level downward adjustment for acceptance of responsibility. Pursuant to U.S.S.G. § 3E1.1(a), the petitioner demonstrated acceptance of responsibility and his base offense level was decreased by 2 levels. Pursuant to U.S.S.G. § 3E1.1(b), the government further reduced the petitioner's base offense level by 1 level. Because of U.S.S.G. §§ 3E1.1(a) and (b), the petitioner's offense level of 40 was reduced to an adjusted offense level of 37. Therefore, the petitioner received a three level downward adjustment for acceptance of responsibility, and his allegation is without merit. The government is entitled to summary judgment on this issue.

### B. Government Violated the Terms of Petitioner's Plea Agreement

The petitioner claims that the government violated the terms of the petitioner's plea agreement by failing to honor the three level downward adjustment for acceptance of responsibility. The petitioner's claim is without merit. As previously discussed, pursuant to U.S.S.G. § 3E1.1(a), the petitioner demonstrated acceptance of responsibility, and his base offense level was decreased by 2 levels. Furthermore, pursuant to U.S.S.G. § 3E1.1(b), the government reduced the petitioner's base offense level by 1 level. Because of U.S.S.G. §§ 3E1.1(a) and (b), the petitioner's offense level of 40 was reduced to an adjusted offense level of

37. The petitioner received a three level downward adjustment for acceptance of responsibility. Therefore, the government is entitled to summary judgment on this issue.

The Court hereby grants the government's motion for summary judgment and dismisses the petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

February 22, 2008
Charleston, South Carolina